IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES HENRY POWELL                                                                            PLAINTIFF

v.                                                                  CIVIL ACTION NO. 1:12-cv-00265-SAA

SECRETARY OF HEALTH
AND HUMAN SERVICES                                                                         DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying a period of disability and disability benefits under Title II of the Social Security Act. The district court's jurisdiction over plaintiff's claim rests upon 28 U.S.C. § 1331. In accordance with the provisions of 28 U.S.C. § 636 (c), both parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including an order for entry of a final judgment. Therefore, the undersigned has authority to issue this opinion and the accompanying final judgment.

## FACTS AND PROCEDURAL HISTORY

Plaintiff James Henry Powell was born April 5, 1954 and was 57 years old at the time of his hearing before an Administrative Law Judge (ALJ). Docket 9, p. 55. He was 54 at the time of his alleged onset date, February 17, 2010. *Id*. He attended school through the 10th grade and later earned his GED. *Id.* at 56. His employment experience includes employment as an industrial truck operator, or forklift driver. *Id.* at 28, 59. Plaintiff filed an application for benefits on March 11, 2010. Docket 9, pp. 153 - 159. His application was denied initially on

1

May 25, 2010 (Docket 9, p. 102), and upon reconsideration on July 1, 2010 (Docket 9, p. 103). Plaintiff filed a request for hearing before an ALJ on July 16, 2010. Docket 9, pp. 115-116. He contends he is disabled due to right elbow injury, diabetes, and acid reflux. *Id.* at p. 186. In an opinion dated December 9, 2011, the ALJ found plaintiff not disabled as defined by the Social Security Act and denied plaintiff's request for benefits. Plaintiff unsuccessfully sought review from the Appeals Council and timely filed suit in this court. The case is now ripe for review.

## **DISCUSSION**

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[5] Fourth, the

---

[1]*See* 20 C.F.R. § 404.1520 (1998).

[2]*Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3]20 C.F.R. § 404.1520(b)(1998).

[4]20 C.F.R. § 404.1520(c) (1998).

[5]20 C.F.R. § 404.1520(d), 416.920(d) (1998). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 404.1525(1998).

2

plaintiff bears the burden of proving he is incapable of meeting the physical and mental demands of his past relevant work.[6]  If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education, and past work experience, that he is capable of performing other work.[7]  If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]  Before considering extrinsic evidence whether other work exists, the Commissioner must consult the Medical-Vocational Guidelines as a framework for decision making.  20 C.F.R. Part 404 Subpart P Appx 2 (Guidelines) § 200.00(a).

After a hearing on plaintiff's application, the Commissioner, acting through the ALJ, concluded that plaintiff was not disabled within the meaning of the Act.  The ALJ determined that even though the plaintiff has severe impairments of right elbow disorder, hypertension and diabetes mellitus  (Docket 9, p. 22), they neither singly, nor in combination with other conditions, meet or medically equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Docket 9, pp. 22-23, Finding Nos. 3 & 4.  The ALJ determined that the plaintiff has the residual functional capacity ("RFC") to perform "medium work as defined in 20 CFR 404.1567(c) except no repetitive motion with the right elbow.  *Id.* at Finding No. 5.  Relying on the testimony of a vocational expert ("VE"), the ALJ determined that plaintiff was able to perform his past relevant work.  Docket 9, pp. 27-29, Finding No. 6.

---

[6] 20 C.F.R. § 404.1520(e) (1998).

[7] 20 C.F.R. § 404.1520(f)(1) (1998).

[8] *Muse*, 925 F.2d at 789.

3

Although the VE testified that, based on the plaintiff's RFC, he would be able to return to his past work as an industrial truck operator as it was actually and generally performed, the ALJ proceeded to step five of the sequential evaluation process and made alternative findings that "there are other jobs in the national economy that the claimant also can perform (20 CFR 404.1569 and 404.1569(a))." *Id.*, at pp. 28-29. As a consequence, the ALJ found the plaintiff was not disabled under the Social Security Act. *Id.* at 29. In making this determination the ALJ appropriately cited to applicable medical vocational guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, as required by Social Security Rulings 83-11, 83-12, 83-14 and 83-15. The ALJ noted that because plaintiff retained the RFC to perform the full range of medium work, Medical Vocational Rule 203.15 would require a finding of "not disabled." Because plaintiff's ability to perform the full range of medium work was impeded by additional limitations, however, the ALJ had to assess plaintiff's abilities, then look to testimony of the VE to determine whether there was work he could still perform, and ultimately to conclude that plaintiff was not disabled under the Act. Importantly, none of this analysis would have been necessary had the ALJ simply stopped her analysis at her Step Four finding that the plaintiff was capable of returning to his past work. *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir.1995).

On appeal, the court considers whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence is evidence that a reasonable mind would accept as adequate to support the decision. *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir.1993), citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). In the present case, the plaintiff

4

argues that there is not substantial evidence to support the ALJ's finding of "not disabled" based on a review of the plaintiff's RFC, age, education, and work experience in conjunction with the Medical-Vocational Guidelines. Specifically, the plaintiff contends that the ALJ must be reversed because he did not use the correct legal standard when he improperly used Medical Vocational Rule 202.06, which is applicable to persons who's maximum sustained work capability is limited to *light* work rather than medium. Plaintiff also claims the ALJ erred because there was no medical opinion supporting the ALJ's assessment of plaintiff's RFC. Docket 13, p. 1. The court will address these arguments seriatim.

## **ANALYSIS**

In reviewing the ALJ's decision, this court is limited to determining whether there was substantial evidence in the record as a whole to support the decision that the claimant is not under a "disability" as defined by the Social Security Act. 42 U.S.C. § 405(g); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir.1983). *See Green v. Schweiker*, 694 F.2d 108, 110 (5th Cir.1982), *cert. denied*, 460 U.S. 1091, 103 S.Ct. 1790, 76 L.Ed.2d 357 (1983). The court may not re-weigh the evidence or substitute its judgment for that of the ALJ. *Hollis v. Bowen*, 837 F.2d at 1383 (5th Cir. 1988); *Jones v. Heckler*, 702 F.2d at 620. Where substantial evidence supports the administrative finding, the court may then only review whether the ALJ applied the proper legal standards and conducted the proceedings in conformity with the applicable statutes and regulations. *Hernandez v. Heckler*, 704 F.2d 857, 859 (5th Cir.1983).

### Substantial Evidence

The regulations require the Commissioner to apply a five-step sequential evaluation process to each claim for disability benefits. *See infra. See also Greenspan*, 38 F.3d. at 236 (5th

Cir. 1994); 20 C.F.R. § 404.1520(a)(4). A finding that a claimant is disabled or not disabled at any point in the five-step process is conclusive and terminates the Commissioner's analysis. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

In this case the ALJ, relying on the testimony of the VE, determined that the plaintiff was able to return to his past work as a forklift operator. Docket 9, p.27. During the hearing, the VE testified that plaintiff had worked as "what is commonly called a forklift operator in industry." Docket 9, p. 97. But that the DOT does not actually address a "forklift operator;" rather the position is "entitled an industrial-truck operator, DOT number 921.683-050." *Id.* The VE went on to state:

> The occupation is rated at medium as to strength and exertional demands, has an SVP of 3, and is semi-skilled. Skills as found in the data, people, and things segment of the DOT number, things at level 3, operating and controlling this type of industrial equipment. These skills at medium SVP of 3, transfer to light, SVP of 3. There is no transfer to sedentary.

Docket 9, pp. 97-98. Based on this the ALJ asked,

> Assume the claimant has the residual functional capacity to perform a full range of medium work, with the limitation of no repetitive motion with the right elbow. Assuming this limitation, could an individual perform the claimant's past work?

Docket 9, p. 98. The VE responded, "Yes." *Id.* The VE then testified in response to further questioning by the ALJ that there are other jobs the plaintiff could perform. Docket 9, pp. 98-100.

The vocational expert is, by definition, an expert in vocational matters and is qualified to make findings relating to work related conditions, attributes and skills necessary to perform all demands of work. *See* 20 C.F.R. §404.1560(b)(2). The requirements listed in the Dictionary of Occupational Titles ("DOT") are the maximum requirements for a position – not the range of

6

requirements – of a particular job as it is performed in a specific setting. *Jones v. Chater*, 72 F.3d 81, 82 (8th Cir. 1995). The Fifth Circuit has held that when a VE's testimony conflicts with the DOT, "the ALJ may rely on the vocational expert's testimony provided that the record reflects an adequate basis for doing so." *Carey v. Apfel,* 230 F.3d 131, 146 (5th Cir.2000). Further, "DOT job descriptions should not be given a role that is exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job." *Id.* at 145; *see also Laurent v. Astrue*, 366 F. Appx 559, 561 (5th Cir. 2010).

The plaintiff argues that the DOT states that the job of an Industrial-Truck Operator requires "constant reaching and handling in order to operate the levers of the forklift/utility vehicle needed to 'push, pull, lift, stack, tier, or move products, equipment, or materials in warehouse, storage yard, or factory." Docket 13, p. 5. Thus, argues plaintiff, the ALJ erroneously determined that plaintiff could perform his past relevant work despite significant restrictions on his right-hand-dominant arm. *Id.* The medical record reflects a December 2002 note by plaintiff's orthopedist P. Kurt Thorderson, stating, "Permanent restrictions: Avoid repetitive elbow – right – flexion & extension. 12/3/02." Docket 9, p. 270. Neither Dr. Thorderson nor any of plaintiff's other physicians have imposed any further postural, manipulative or exertional limitations. Plaintiff continued to work as a forklift operator, as described at the medium exertional level, despite this restriction until 2010 when, as he testified, he was laid off for unrelated reasons. Docket 9, pp. 63, 282.

Further review of the medical records reveal that plaintiff first complained of elbow pain to his treating physician in March 2010, relating that his pain level was rated a "2" out of 10.

7

Docket 9, p.388-389. He again complained of elbow pain to Dr. Powell in May 2010 rating his pain as a "3". Docket 9 at 401-404. Dr. Powell diagnosed the elbow pain as "unchanged" and prescribed an anti-inflammatory medication for the joint pain. *Id*. at 404. Dr. Powell saw the plaintiff in June 2010, with plaintiff assessing his pain as a "4," but Dr. Powell assessed his pain at "1" based on non-verbal factors. *Id.* At 406. The plaintiff's complaints of elbow pain were made to Dr. Powell in 2010 and 2011, yet Dr. Powell's treatment remained conservative. *Id.* at 406-434. Plaintiff was examined in April 2010 by consultative examining physician Dr. Steven Brandon [Docket 9, pp. 281-285], who determined that plaintiff had no impairment-related physical limitations. *Id.* at pp. 284-285.

The ALJ gave "great weight" to Dr. Thorderson's opinion despite the fact that Dr. Thorderson rendered his opinion over seven years before plaintiff's alleged onset date and despite no other physician having placed any restriction upon plaintiff's ability to work. Docket 9, p. 27. The ALJ also adopted Dr. Thorderson's opinion in his RFC despite plaintiff's testimony and other medical records indicating that plaintiff was actually able to perform his past work. She also gave "some weight" to Dr. Bridges's opinion. *Id.* Although the plaintiff argues that the ALJ's determination that plaintiff was able to perform his past work was erroneous and an error as a matter of law, the record as a whole, along with testimony by both plaintiff and the VE, support the ALJ's finding. The plaintiff's arguments are based on subjective statements and not medical evidence. The medical evidence, taken in the light most beneficial to the plaintiff, in conjunction with the plaintiff's own testimony and work history, simply does not establish the plaintiff's impairments met the requirements necessary for the ALJ to determine plaintiff disabled under the Social Security Act. *See Villa*, 895 F.2d 1019, 1022, 1024; *see also* 20 CFR

§404.1528(a). The court finds that the ALJ's determination that the plaintiff is capable of performing his past work was supported by substantial evidence.

## Application of the Correct Grid Rule

The plaintiff argues that the ALJ should have applied Rule 203.15 instead of Rule 202.06 because she should have assessed the plaintiff at the vocational level of "light" rather than medium; in that event, Rule 203.15 would have established conclusively that plaintiff was disabled. Docket 13, pp. 3-9. It is true that if a determination of "disabled" is directed by application of the grids, that determination is conclusive. SSR 83-5a, *1; *see also* Amendments Expanding the Regulations, General, 43 Fed. Reg. 55351(November 28, 1978) ("These rules are not presumptive, but are conclusive where the necessary findings with regard to each individual establish that a particular rule is met."). Plaintiff is also correct that application of Rule 203.15 would have resulted in a finding of disabled under the Medical-Vocational Rules. However, plaintiff's argument fails for two reasons: first, the court has found that the ALJ's determination of the plaintiff's RFC was supported by substantial evidence; second, the ALJ's determination at step four that the plaintiff could return to his past work means that the analysis stopped there.

The term "disability" is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A). The existence of a disability must be demonstrated by medically acceptable clinical and laboratory diagnostic findings, and the overall burden of proof rests upon the claimant. 42 U.S.C. § 423(d)(3) - (d)(5); *Jones v. Heckler*, 702 F.2d at 620. The regulations clearly establish that a finding of "not disabled" is appropriate where the claimant is

found to be able to perform his past relevant work, either as actually performed or as such work is generally performed in the national economy. *Leggett*, 67 F.3d at 564; *see* 20 C.F.R. §404.1520(e). A finding at any of the first four steps of the sequential evaluation process that the plaintiff is either disabled or not disabled is conclusive and terminates the Commissioner's analysis. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

The plaintiff relies on *Lapeyrolerie v. Astrue*, Civil Action No. 1:08cv226-SAA, (N.D. Miss. March 9, 2010) to support his argument. However, this case differs from *Lapeyrolerie*. In *Lapeyrolerie*, the ALJ improperly applied a Medical Vocational Rule applicable only to persons ages 45-49, despite the fact that plaintiff was 57 years old and therefore classified as a person of "advanced age" (*i.e.*, age 55 or above); application of the proper rule governing persons of advanced age directed a finding of disabled. *Lapeyrolerie v. Astrue*, Civil Action No. 1:08cv226-SAA, p. 4. The ALJ found that plaintiff Lapeyrolerie was not able to return to her past work, then properly continued the sequential evaluation process, despite ultimately misapplying a Medical-Vocational Rule in light of the plaintiff's RFC. *Id*. at pp. 5-6.

In this case, the plaintiff was found to be capable of performing his past work, and therefore the ALJ's inquiry was halted before consideration of the Grids. 20 C.F.R. Part 404, Subpart P, Appendix 2, §200.00(a). As determined, the plaintiff was unsuccessful at Step Four of proving that he was unable to perform his past work. Accordingly the ALJ's determination, relying on plaintiff's testimony, the testimony of a VE and the evidence in the record, that the plaintiff was able to return to his past work "as it is actually and generally performed" was supported by substantial evidence. Docket 9, p. 28. There simply was no need for the ALJ to proceed from that point or to consider the Grids in this case.

Non-severity Standard

The plaintiff contends that the ALJ improperly found at Step Two of the sequential evaluation process that plaintiff's back pain, headaches, fatigue, and dizziness were not severe impairments and that these severity findings require remand. Docket 13, p. 10. Again, the plaintiff's assertions are not well taken in light of the facts of this case.

In the Fifth Circuit, the law requires an ALJ to consider all impairments, singly and in combination, when determining whether an individual is disabled. *Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000); 20 CFR §§404.1523, 416.923, SSR 88-3c, SSR 85-28 and 96-8p. According to Social Security Regulations, a severe impairment is one "which significantly limits [a plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Our Circuit has found that a literal application of that definition is inconsistent with the statutory language and legislative history of the Social Security Act. *Stone v. Heckler,* 752 F.2d 1099, 1101 (5th Cir.1985). Instead, "an impairment is not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler,* 752 F.2d at 1101, *cited in Loza v. Apfel,* 219 F.3d 378, 391 (5th Cir.2000). Further, the Circuit requires that the Commissioner apply this severity standard with either direct citation to the regulations [20 CFR 404.1521 and 416.921] or reference to the *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985) decision, or both. Failure to refer to these standards may be reversible error. *See, e.g., Sanders v. Astrue*, 2008 WL 4211146 (N.D. Tex. Sept. 12, 2008). After *Stone*, the Fifth Circuit has held that a district court need not remand a case simply because the ALJ did not use "magic words," but remand *is* required where there is no indication the ALJ applied the correct standard. *White v. Astrue*, 2009 WL 763064 (N.D. Tex.

11

Mar. 23, 2009), citing *Hampton v. Bowen,* 785 F.2d 1308, 1311 (5th Cir.1986).

In this case, the ALJ's finding that the plaintiff "knee and back pain, GERD (gastroesophogeal reflux disease), headaches, otitis media, and status post hernia repair are found to be a non-severe impairment(s) as these impose no more than a minimal impact on the claimant's ability to perform work-related activity (Stone v. Heckler, 752 F.2d 1099 (5th Cir. 1985)."[9] Docket 9, p. 22. The ALJ also addressed the plaintiff's headaches: "The medical records document complaints of headaches; however, the physical examinations demonstrate no objective findings." Docket 9, p. 23. Finally, the ALJ discussed plaintiff's dizziness, hypertension, and other possible effects of his diabetes mellitus, clearly and concisely finding there existed no impairment, or combination of impairments, that equals the severity of one of the listed impairments. Docket 9, p. 23, Finding No. 4.

It is clear that the ALJ applied the correct standard in her finding that plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments in 20 CFR Part 404, Subpart P, Appendix 1, also known as the Listings. *See Valdez v. Astrue,* 2011 WL 2455564 at *7 (N.D. Tex. Jun. 15, 2011) (finding no error when the ALJ referenced both *Stone* and the severity standard set forth in the Regulations). Plaintiff's argument on this point too must fail.

## CONCLUSION

Although plaintiff has made some very salient points, they are simply misplaced in the

---

[9]The undersigned in aware that the ALJ states that, "An impairment is non-severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than minimal effect on an individual's ability to work (20 CFR 404.1521; Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4p" in the Applicable law section of his decision. Docket 9, p. 21.

12

instant case. The court finds that the ALJ's decision was supported by substantial evidence and must be affirmed. A final judgment in accordance with this memorandum opinion will be issued this day.

This, the 28th day of August, 2013.

                                                /s/ S. Allan Alexander
                                          UNITED STATES MAGISTRATE JUDGE